# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LEIGH HARPER, | Civil No.  16-1797 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| WHITE EARTH HUMAN RESOURCE, WHITE EARTH BOYS AND GIRLS CLUB, and WHITE EARTH EDUCATION DEPARTMENT, | |
| Defendants. | |

Leigh Harper, P.O. Box 81, Ponsford, MN  56575, *pro se*.

Joseph M. Plumer, **PLUMER LAW OFFICE**, 9352 North Grace Lake Road Southeast, Bemidji, MN  56601, for defendants.

Plaintiff Leigh Harper brings this action *pro se* against Defendants White Earth Human Resource, White Earth Boys and Girls Club, and White Earth Education Department (collectively "Defendants").  Harper alleges that she worked at the White Earth Boys and Girls Club and that she was fired "to prevent her grievances and complaints from being acted on."  (Compl. at 1, May 25, 2016, Docket No. 4.)  Harper alleges various statutory and constitutional claims, including violations of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Rehabilitation Act, the Americans with Disabilities Act, Minn. Stat. § 181.961, the Fifth and Fourteenth Amendment to the U.S. Constitution, the Indian Civil Rights Act, and the Revised Constitution of the Minnesota Chippewa Tribe.  (*Id.*)

On June 17, 2016, Defendants filed a motion to dismiss for lack of subject matter jurisdiction.  On October 7, 2016, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that Harper's complaint be dismissed with prejudice because the Court lacks subject matter jurisdiction due to the sovereign immunity of the White Earth Tribe.  (*See* R&R at 17, Oct. 7, 2016, Docket No. 26.)  Harper objected to the R&R on October 21, 2016.  (Objs., Oct. 21, 2016, Docket No. 27.)

## ANALYSIS

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  On a dispositive motion the Court reviews "properly objected to" portions of an R&R *de novo*.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Harper objected to the Magistrate Judge's determination that Defendants are protected by sovereign immunity.  Courts have long recognized that tribal governments possess "the common-law immunity from suit traditionally enjoyed by sovereign powers."  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978); *see also Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000) ("It is undisputed that an Indian tribe enjoys sovereign immunity.").  Sovereign immunity is not limited to

just the tribal council but also covers tribal agencies. *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 670-71 (8th Cir. 1986); *see also Hagen*, 205 F.3d at 1043; *Dillon v. Yankton Sioux Tribe Hous. Auth.*, 144 F.3d 581, 583 (8th Cir. 1998).  An agency is entitled to sovereign immunity if it "served as an arm of the sovereign tribes, acting as more than a mere business." *Hagen*, 205 F.3d at 1043.  Sovereign immunity covers the actions of tribal governments and tribal agencies unless it has been unequivocally waived or abrogated by Congress. *Twin Cities Chippewa Tribal Council v. Minn. Chippewa Tribe*, 370 F.2d 529, 532 (8th Cir. 1967); *see also Weeks Constr., Inc.*, 797 F.2d at 671.

As discussed in the R&R, and not challenged by Harper now, Harper admitted at the motions hearing that all Defendants are entities or agencies of the White Earth Tribal Government, that all of her claims were based on her termination of employment and resulting performance plan, and that she and her supervisors were employees of the White Earth Tribe.  (*See* R&R at 4-5; *see also* Compl. at 2 (conceding the same).)  The supporting documents that Harper submitted also indicate that White Earth Tribe was her employer.  (Pl.'s Exs., Attach. 1 at 6, July 14, 2016, Docket No. 15.)  Despite these concessions, Harper argues that because the alleged actions were not carried out by members of the White Earth government acting within the scope of their authority, the actions are not protected by sovereign immunity.  Harper also argues that sovereign immunity should not apply because White Earth Tribal council has not come forward to invoke sovereign immunity.

However, contrary to Harper's assertion, tribes or tribal officials need not explicitly invoke sovereign immunity; instead, courts assume that the tribe is immune unless Congress has expressly abrogated that protection or the tribe has expressly waived

its immunity.  *Santa Clara Pueblo*, 436 U.S. at 58-59; *Twin Cities Chippewa Tribal Council*, 370 F.2d at 532.  Thus, the tribal entities sued here are entitled to sovereign immunity, and Harper's lawsuit is barred absent abrogation or waiver.

Harper does not object to the Magistrate Judge's conclusions regarding waiver and abrogation.  The Magistrate Judge provided a thorough and well-reasoned discussion of those issues, (*see* R&R at 7-17), which the Court will not repeat here in the absence of a specific objection.  There is no indication that Congress has abrogated or that the tribe has waived sovereign immunity with regard to Harper's claims.  Accordingly, the Court will overrule Harper's objections, adopt the Magistrate Judge's R&R, and dismiss Harper's claims for lack of subject matter jurisdiction.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Harper's objections [Docket No. 27] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated October 7, 2016 [Docket No. 26].  Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion to Dismiss [Docket No. 8] is **GRANTED.**  Harper's claims are **DISMISSED with prejudice.**

2.      Harper's claims are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 22, 2017                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                         Chief Judge
                                                            United States District Court